## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KAREEM GIBBS, | Civil Action No. |
| Plaintiff, | 16-9073 (SDW) (LDW) |
| v. | **REPORT & RECOMMENDATION** |
| BERGEN COUNTY SHERIFF OFFICER JAMES ELLIOTT., *et al.*, | |
| Defendants. | |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter having come before the court by way of defense counsel's letter of August 16, 2017 (ECF No. 19), and for good cause shown, it is respectfully recommended that this action be **DISMISSED** without prejudice.

## BACKGROUND

*Pro se* plaintiff Kareem Gibbs filed the instant action alleging violations of 42 U.S.C. § 1983 against defendants James Elliott, David Rubano, and other "John Doe" defendants in December 2016.[1] (ECF No. 1). At that time, plaintiff was incarcerated in the Bergen County Jail. He subsequently filed two letters with the Court that continued to list his return address as that of the Bergen County Jail. The dates of these letters indicate that plaintiff remained incarcerated at least as of March 2017. (ECF Nos. 13 (dated March 23, 2017 by plaintiff), 15 (dated January 3, 2017 by plaintiff)).

At the end of March 2017, the Court granted defendants' second motion for an extension

---

[1] Plaintiff initially also named the Bergen County Sheriff's Department, the Bergen County Sheriff, and the Bergen County Jail, but District Judge Susan D. Wigenton dismissed the claims against those defendants. (ECF No. 2). Accordingly, the only remaining defendants are Elliott, Rubano, and the "John Doe" defendants.

of time to answer plaintiff's Complaint. (ECF No. 12). A copy of that Order was mailed to plaintiff at the Bergen County Jail, but returned as undeliverable in April 2017. (ECF No. 16).

Defendants answered the Complaint in May 2017, and the Court subsequently entered a Pretrial Scheduling Order on May 22, 2017. (ECF Nos. 17, 18). The Court's Scheduling Order directed the parties to file letters advising the Court of the status of discovery no later than August 22, 2017. (ECF No. 18). On August 16, 2017, defense counsel filed a letter stating they had been unable to effectuate service of their answer because plaintiff did not provide a forwarding address upon his release from the Bergen County Jail, nor had plaintiff contacted defense counsel regarding his case. (ECF No. 19). Accordingly, defendants had been unable to propound discovery. (*Id.*). As of the date of this Report and Recommendation, plaintiff has not contacted the Court or attempted to update his contact information, which still lists his address as that of the Bergen County Jail.

## DISCUSSION

The Federal Rules of Civil Procedure authorize the Court to impose sanctions for failure to respond to Orders and for failure to prosecute a case. In both instances, dismissal may be appropriate. Fed. R. Civ. P. 37(b)(2), 41(b). The Third Circuit has identified six factors that courts should balance when deciding whether to impose an involuntary order of dismissal. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The *Poulis* factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (emphasis omitted). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Rule 41(b). *Iseley v. Bitner*, 216 Fed. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Here, a review of the *Poulis* factors shows that plaintiff's dilatoriness warrants dismissal.

**1. Plaintiff's Personal Responsibility.** It appears that plaintiff is solely responsible for his failure to update his contact information or provide a forwarding address upon his release from the Bergen County Jail. *See Macon v. City of Asbury Park*, Civ. A. No. 07-1413 (MLC) (TJB), 2008 WL 1882899, at *2 (D.N.J. Apr. 24, 2008) (finding plaintiff "solely responsible" for failure update his contact information with the Court in case where a court order sent to the forwarding address plaintiff provided after his release from prison was returned as "undeliverable" and defense counsel was unable to contact plaintiff via that address).

**2. Prejudice to Defendants.** Defendants have been prejudiced by plaintiff's inaction insofar as they have been unable to effect service of their Answer or propound discovery. *See id.*; *see also Joyce v. Cont'l Airlines, Inc.*, Civ. A. No. 09-2460 (MF), 2011 WL 2610098, at *2 (D.N.J. June 15, 2011), *report and recommendation adopted*, Civ. A. No. 09-02460 (WJM), 2011 WL 2607110 (D.N.J. June 30, 2011) (finding plaintiff's refusal to advance case prejudicial to defendants because they were unable to perform discovery and the time for discovery had passed).

**3. History of Dilatoriness.** Plaintiff's history of dilatoriness is clear from his failure to provide a forwarding address upon his release, update his contact information with the Court, or

even attempt to contact the Court or opposing counsel in the several months that have elapsed since his apparent release from incarceration.

**4. Willfulness or Bad Faith.** The Court is unable to conclude from the current record that plaintiff is acting in bad faith by failing to update his contact information or prosecute this action. Nevertheless, his inaction appears to be knowing, if not willful.

**5. Effectiveness of Alternative Sanctions.** Given plaintiff's lack of interest in proceeding with this action and the lack of an address at which to reach him, the Court concludes that no lesser alternative than dismissal as a sanction would be effective.

**6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of plaintiff's claims at this time, as this case has not progressed beyond the initial pleadings stage. The remaining *Poulis* factors, however, clearly favor dismissal and outweigh any potential merit to plaintiff's claims.

In summary, plaintiff was apparently released from the Bergen County Jail sometime after March 2017, but apparently provided no forwarding address and has not contacted the Court or defense counsel for the past several months. His lack of participation suggests that he has abandoned this action, and dismissal is therefore warranted. The Court further recommends, however, that the action be dismissed without prejudice, subject to reopening in the event that plaintiff contacts the Court in the near future.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 41(b). The parties are advised that they may file an objection to this Report and Recommendation within

14 days pursuant to Fed. R. Civ. P. 72(b)(2).

**Dated:** September 14, 2017

Hon. Leda Dunn Wettre
United States Magistrate Judge

cc: The Hon. Susan D. Wigenton, U.S.D.J.